
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10586 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00317-NVW-1 |
| v. | |
| RENALDA BERNICE ORTEGA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted April 7, 2014[**]
San Francisco, California

Before: BENAVIDES,[***] TALLMAN, and CLIFTON, Circuit Judges.

Renalda Bernice Ortega appeals from her conviction under

8 U.S.C. § 1324(a) for transporting illegal aliens in Arizona about 65 miles from

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

the Mexican border. She makes three arguments on appeal: (1) the evidence adduced at trial was insufficient to establish § 1324(a)'s *mens rea* requirement, (2) the district court improperly admitted evidence of her prior transportation of illegal aliens, and (3) she was entitled to a two-level sentencing reduction for acceptance of responsibility. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ortega claims that no rational trier of fact could have found beyond a reasonable doubt that she knew or recklessly disregarded the fact that her three vehicle passengers were in the United States unlawfully, or that she knowingly transported her passengers to help them remain in the United States illegally. After reviewing the evidence de novo, and in the light most favorable to the prosecution, *see United States v. Shetler*, 665 F.3d 1150, 1163 (9th Cir. 2011), we disagree.

Ortega and her nephew were driving late at night, in an area well known for human trafficking, when they stopped to pick up three hitchhikers. They agreed to take the hitchhikers as far north as they were traveling. After being pursued by a Border Patrol vehicle, Ortega turned abruptly onto a side road and told her passengers, "Run, the Border Patrol." After the passengers scattered into the night, the Border Patrol Agent confronted Ortega and her nephew. They told the Agent that the three passengers who had just fled were their friends, and that the friends ran because they were intoxicated and had outstanding warrants. After catching

2

the three passengers, the Agent discovered that they had never met Ortega before being picked up that night, were not intoxicated, and were in the United States illegally. This evidence alone was sufficient for a rational jury to convict Ortega.

To further undercut Ortega's innocent-mistake defense, the government introduced evidence that Ortega previously admitted to knowingly transporting illegal aliens in 2010. Ortega argues that this prior act evidence was not admissible under Federal Rule of Evidence 404(b). But evidence of prior acts is admissible to show, among other things, knowledge or absence of mistake. Fed. R. Evid. 404(b)(2). Here, the evidence tended to prove material points in issue—Ortega's knowledge and lack of mistake. *See United States v. Flores-Blanco*, 623 F.3d 912, 919 (9th Cir. 2010). Her prior misconduct was not too remote in time, having occurred just two years before her current offense. *See id.* (affirming evidence of two-year-old prior acts in alien smuggling case). The government also proved Ortega's prior conduct with sufficient evidence through the testimony of the Border Patrol Agent who arrested Ortega for the 2010 incident. *See id.* ("The testimony of the border patrol agents who apprehended [defendant] on the prior occasions was sufficient to support a jury finding that [defendant] committed the alleged prior acts."). Finally, the 2010 misconduct was sufficiently similar to the current offense. In both instances, Ortega drove a vehicle with someone in the

3

passenger seat and three illegal aliens in the backseat, in areas within approximately 20 miles of each other. And in both cases, Ortega's three backseat passengers exhibited a body odor consistent with walking through the desert for several days without a shower.

The danger of unfair prejudice did not substantially outweigh the probative value of the prior act evidence. Ortega's transportation of illegal aliens in 2010 was probative of her knowledge and lack of mistake "and not of the type that would provoke an unfairly prejudicial emotional response." *Id.* at 920. Further, we see no abuse of discretion where the district court minimized any prejudice with a carefully crafted limiting instruction. The jury could consider the evidence "only for the purpose of determining whether there was an absence of mistake" and to show Ortega's "knowledge of the transit practices for illegal aliens in this area, the methods of transporting illegal aliens there, and of her knowledge of the appearances and circumstances of illegal aliens in the area." The district court also excluded as unduly prejudicial testimony proffered by the government that Ortega received a $1,000 payment from her passengers in the 2010 incident.

Finally, Ortega believes she was entitled to a two-level downward sentencing departure for accepting responsibility after insisting on a trial and denying that she possessed the knowledge required by two elements of the statute.

4

As the Sentencing Guidelines explain, a downward adjustment "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1 cmt. n. 2. The record does not support any of the "rare situations" justifying a different outcome. *See id.* To the contrary, the record amply supports the district court's observation, based on the jury verdict, that Ortega "lied to law enforcement about the circumstances of the people in the car, who they were, [and] where they knew them." And Ortega denied having the requisite mental state until after the jury returned with its verdict. The district court did not err.

AFFIRMED.